## CITY OF CHICAGO v. POSTAL TELEGRAPH CABLE CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1923.)

No. 3122.

Telegraphs and telephones ⬅➡10(9)—Ordinance held not to require payment of fee for empty conduits.

A municipal ordinance, requiring telegraph companies to pay a fixed fee per lineal foot traversed under ground by any single duct containing wires, and to pay for a conduit, the number of ducts, multiplied by the preceding fee for a single duct, does not require the company to pay any fee on empty ducts in a conduit.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity between the City of Chicago and the Postal Telegraph Cable Company of Illinois, involving construction of a municipal ordinance. From a decree for the company, the City appeals. Affirmed.

Frank W. Derby, of Chicago, Ill., for appellant.

Jacob E. Dittus, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Chicago has an ordinance requiring telegraph companies to obtain a permit before putting underground wires in the streets, and exacts certain compensation for the privilege.

This appeal involves the interpretation to be given to the following provision in the ordinance:

"For such underground wires, cables, conduits, and appliances used in electrical or physical dispatch of telegraph messages, such companies shall pay annually seven-tenths of a cent per lineal foot, whether in main lines or laterals, traversed underground by any single duct containing wire, cable, or other appliances, and the amount of the fee to be paid for conduit shall be obtained by multiplying the number of ducts in such conduit by the preceding fee for single duct."

Appellee had laid some stretches of conduit, containing several ducts, and not all of the ducts contained wire or other appliances for the dispatch of telegraph messages.

By the decree appealed from it was adjudged that appellee was not required to pay for empty ducts.

Appellant's contention that the ordinance contemplated payment for the space occupied by a conduit, whether or not all of the ducts of the conduit contained wire or other appliances for the dispatch of telegraph messages, is contrary, in our view, to the plain reading of the ordinance. The unit of compensation is the lineal foot charge for any single duct containing wire. When the charge for a conduit is di-

rected to be obtained by multiplying the number of ducts in such conduit by the precedingly named fee for a single duct, it is clear that only ducts containing wire or other appliances customarily used or usable for the dispatch of telegraph messages can be counted and measured, because the unit of compensation applies to no duct unless it contains wire or other usable appliance.

The decree is affirmed.